IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRENDA MARCELL OWEN,

        Plaintiff,

        v.

UNKNOWN,

        Defendant.

ORDER

18-cv-997-wmc

---

*Pro se* plaintiff Brenda Marcell Owen has filed this proposed complaint seeking review of a social security disability / supplemental security income decision. Although she lists the defendant in this lawsuit as "Unknown," Owen purports to be seeking review of decisions of the Commissioner of the Social Security Administration with respect to claims for: disability insurance benefits, supplemental security income, child disability benefits and widow or widower benefits. (*See* dkt. #1 at 2.) Owen asks for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has supported her request with a financial affidavit. However, the court will not direct the clerk's office to issue a summons, since Owen has failed to allege facts in her complaints showing that this court has the authority to decide her case.

Under 42 U.S.C. § 405(g), this court has authority to review only a "final" decision of the Commissioner of Social Security denying a plaintiff's application for social security disability benefits. Under the social security rules, a decision denying social security benefits does not become final unless the claimant has completed all the steps of the administrative process, including filing a request for review with the Appeals Council.

When the Appeals Council denies review, the decision of the commissioner becomes "final" and an appeal to federal court is permissible.

Owen has not alleged that she has completed all of the steps of the administrative process and obtained a final decision from the Commissioner, nor has she submitted a copy of any final decision by the Commissioner or a denial of review by the Appeals Council. Instead, she represents that an individual named "Brian Charles Tarkenton" is either "in charge of" or "takes care of" all of her paperwork. (Dkt. #1 at 3.) Owen has also submitted over a dozen filings related to state and local benefits she has been receiving or requesting, her financial information, and what appear to be her bankruptcy and tax court proceedings, but none of these submissions indicate that she has received a final decision from the Commissioner related to a claim for benefits from the Social Security Administration. The only indication from her complaint suggesting that she received a final decision from the Commissioner is her representation that she received a final judgment in "January 2018 AND January 2017." (Dkt. #1, at 3.) However, Owen does not provide a specific date of the final decision -- indeed, Owen's reference to two dates raises red flags -- nor does she specify which claims were resolved by those final judgments. This single representation alone does not permit the court to conclude with confidence that Owen received a final decision reviewable by this court.

Although the prerequisite of a final decision from the Commissioner is an affirmative defense that the Commissioner may assert, *Johnson v. Sullivan,* 922 F.2d 346, 352-55 (7th Cir. 1990), the court notes that this is Owen's *fifth* lawsuit she has filed in this

2

court against the Commissioner of the Social Security Administration. *Owen v. Berryhill*, No. 18-cv-100-wmc; *Owen v. Berryhill*, No. 18-cv-101-wmc; *Owen v. Berryhill*, No. 18-cv-106-wmc. In *none* of those cases has Owen submitted a copy of a final decision from the Commissioner, leading the court to conclude that it would be an improper use of judicial resources to allow this action to proceed without a more specific showing that Owen received a final decision on a claim. *Moser v. Universal Engineering Corp.*, 11 F.3d 720, 723 (7th Cir. 1993) (trial courts have inherent authority to dismiss a case and control its docket) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1961)).

To remove any doubt as to whether this court should direct service of Owen's complaint, the court will give Owen the opportunity to submit information showing that Owen has obtained a final decision (or decisions) from the commissioner on her applications for social security benefits. The easiest way to do this would be for Owen to submit a copy of the letter (or letters) from the Appeals Council denying her request for review, which Owen should have received if she completed the administrative process. Alternatively, Owen may submit a letter stating the specific date on which the final decision (or decisions) in her case was issued. Upon receipt of that information, the court will deem it to be an amendment to her complaint.

If, however, Owen has *not* taken all of the steps needed to complete the administrative review process, or has *not* yet received a final decision, then she may voluntarily dismiss these cases without prejudice, subject to reopening upon completing the administrative process.

ORDER

IT IS ORDERED that plaintiff Branda Marcell Owen has until **May 19, 2021**, to show that she has obtained a final decision (or decisions) from the commissioner and she identifies the administrative decision(s) that she is challenging. If Owen fails to submit this information by **May 19, 2021**, then the court will dismiss this lawsuit.

Entered this 28th day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge